[Cite as *Taylor v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7008.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARLIN TAYLOR

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2009-02821

Judge Clark B. Weaver Sr.
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶1} On August 31, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On October 25, 2011, with leave of court, plaintiff filed his objections.

{¶3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI) pursuant to R.C. 5120.16. Plaintiff brought this action asserting that defendant was negligent in not providing him with a lower bunk and that as a result he fell from his upper bunk and suffered severe injuries. The magistrate found that plaintiff failed to establish either that he was issued a lower bunk restriction or that he notified defendant's employees that he was entitled to such a restriction. The magistrate further found that plaintiff failed to exercise

reasonable care for his own safety. Plaintiff filed five objections to the magistrate's decision and a transcript of the proceedings in support of his objections.

{¶4} In his first objection, plaintiff argues that the magistrate erred in finding that plaintiff was informed by LCI staff that his lower bunk restriction from another institution would not be honored. On re-direct examination plaintiff was asked: "the only one that ever told you that the restriction was gone was the nurse, right?," and plaintiff answered: "I've never knew it was gone. Yes, most likely it was her." (Liability Trial Transcript, page 29, lines 20-23.) The court finds that this exchange supports the magistrate's finding that plaintiff was informed that his restriction would not be honored. Accordingly, plaintiff's first objection is OVERRULED.

{¶5} Next, plaintiff argues that Plaintiff's Exhibits 1, 2, and 6 affirmatively establish that medical staff at LCI issued plaintiff a lower bunk restriction. A review of those documents shows: that plaintiff was issued a lower bunk, lower range restriction on September 3, 2008, by staff at the Corrections Reception Center (CRC); that on September 16, 2008, plaintiff underwent a health screening when he arrived at LCI from CRC and the notation "BB/BR pending" was made on the form; that the notation "BB" appears in a physician's order dated September 16, 2008, as well as the notation "CCC IDDM" and three additional unintelligible notations. (Plaintiff's Exhibits 1, 2, and 6.) Without testimony to explain the notations on these documents, the court cannot say that they affirmatively establish that a lower bunk restriction was issued by LCI medical staff. Accordingly, plaintiff's second objection is OVERRULED.

{¶6} Third, plaintiff argues that he had a valid lower bunk restriction beginning September 16, 2008, and not October 19, 2008, as the magistrate found. As stated above, the court finds that plaintiff did not establish that he had a valid lower bunk restriction beginning on September 16, 2008. Therefore, plaintiff's third objection is OVERRULED.

{¶7} Plaintiff also argues that the magistrate erred in concluding that plaintiff failed to exercise reasonable care for his own safety when he failed to use the institutional grievance procedure to apply for a lower bunk restriction and that the

magistrate's decision is against the manifest weight of the evidence.  The court finds these objections without merit.

{¶8} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Filed December 5, 2011
To S.C. reporter March 5, 2012